IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JONATHAN MATHIS,
      Plaintiff,

vs.                                Case No.: 3:14cv469/MCR/EMT

CORIZON HEALTH INC., et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Jonathan Mathis, an inmate of the Florida Department of Corrections ("FDOC") proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983. Pending before the court is Plaintiff's Third Amended Complaint (doc. 18).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N. D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that Plaintiff's allegations fail to state a plausible claim for relief as to some Defendants; therefore, those claims and Defendants should be dismissed.

I.      BACKGROUND

Plaintiff names the following six Defendants in this action: the FDOC; C. Courtney, an Assistant Warden at Santa Rosa Correctional Institution ("SRCI"); Captain Schwartz, a correctional officer at SRCI; Corizon Health, Inc. ("Corizon"), a private corporation that contracts with the FDOC to provide medical services to inmates at SRCI; K. Prescott, Health Services Administrator ("HSA") employed by Corizon; and S.A. Schwartz, a Medical Doctor employed by Corizon (doc.

18 at 1–3).[1]  Plaintiff alleges that on March 23, 2014, he was involved in a physical altercation with another inmate (*id.* at 6).  He alleges he immediately knew his left ring finger was broken, because he heard a snap, felt excruciating pain, and the finger was bent in an abnormal position and was swelling (*id.*).  Plaintiff alleges he advised Defendant Captain Schwartz that he required emergency medical attention, but Schwartz sent him to administrative confinement without allowing him to receive a medical evaluation (*id.*).  Plaintiff alleges a nurse (Nurse Douglas) was dispensing medication in the confinement unit at the time, and she spoke to Plaintiff about his injury (*id.*).  Plaintiff alleges Nurse Douglas immediately informed Captain Schwartz that Plaintiff required immediate medical attention, and she requested that Plaintiff be escorted to the medical department for evaluation and treatment (*id.*).  Plaintiff alleges Captain Schwartz denied Nurse Douglas's request, stating, "Who runs this shit around here?" (*id.*).  Plaintiff alleges Nurse Douglas noted his injury on a "diagram sheet" and assured Plaintiff she would immediately notify a doctor (*id.* at 7).

Plaintiff alleges over the next two weeks, he remained in confinement with no treatment for his broken finger (doc. 18 at 7).  He alleges he was finally examined by Defendant Dr. Schwartz, who scheduled x-rays (*id.*).  Plaintiff alleges approximately three weeks later, upon receiving the x-rays, he was transferred to the FDOC medical center, where an orthopedic specialist evaluated his condition and scheduled him for surgery (*id.*).  Plaintiff alleges due to the 5-week delay in receiving medical treatment, his finger healed improperly and had to be re-broken and pins placed in it (*id.*). He alleges his finger is permanently disfigured, scarred, crooked, "immobile," and non-functioning (*id.* at 8).  He alleges he also suffered, and still suffers, extreme anxiety, emotional distress, sleep disorders, and "post-traumatic stress" (*id.*).  Plaintiff alleges he requires additional surgeries, care, aftercare, and physical therapy, but the FDOC and Corizon refuse to provide it (*id.*).

Plaintiff alleges upon his return to SRCI after his surgery, he filed administrative grievances regarding Captain Schwartz's denial of medical treatment, but Defendants Dr. Schwartz, Assistant Warden Courtney, and the FDOC's Central Office denied his grievances (doc. 18 at 7–8; *see also* doc. 12 at 10–18).

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

Plaintiff contends Defendants' delay in providing treatment for his broken finger violated the Eighth Amendment (doc. 18 at 9).  As relief, he seeks monetary damages, a declaratory judgment, and injunctive relief, including "ordering proper and future medical care" (*id.*).

II.   ANALYSIS

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe Cnty. Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679 (citation omitted).  The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."  *Id.* (citing Fed. R. Civ. P. 8(a)(2)).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* at 678 (quotation and citation omitted).  And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true."  *Id.* at 681 (quotation and citation omitted).  Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.  Finally, in civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . .  A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."  Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation marks and alteration omitted).

To prevail on an Eighth Amendment claim of deliberate indifference to an inmate's serious medical needs, a plaintiff must show (1) a serious medical need; (2) deliberate indifference to that need on the part of the defendant; and (3) causation between the defendant's indifference and the plaintiff's injury.  *See* Mann, 588 F.3d at 1306–07.  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Id.* at 1307 (quotation omitted).  Alternatively, a plaintiff can establish a serious medical need by showing that a delay in treatment worsened his condition.  *Id.*

To establish deliberate indifference, a plaintiff must show "(1) a subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence."  Goodman v. Kimbrough, 718 F.3d 1325, 1331–32 (11th Cir. 2013) (internal quotation marks omitted).  Indeed, to show deliberate indifference, the defendant's response to the medical must be more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law."  Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) (citation and quotations omitted).  Conduct that is more than mere negligence includes:  (1) knowledge of a serious medical need and a failure or refusal to provide care; (2) delaying treatment for non-medical reasons; (3) grossly inadequate care; (4) a decision to take an easier but less efficacious course of treatment; or (5) medical care that is so cursory as to amount to no treatment at all.  *See* McElliott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).  A simple difference in medical opinion between the medical staff and an inmate as to the latter's diagnosis or course of treatment does not establish deliberate indifference.  *See* Adams v. Poag, 61 F. 3d 1537, 1545 (11th Cir. 1995)

(the question of whether a plaintiff should have received different diagnostic tests or treatments is not an appropriate basis for grounding liability on a deliberate-indifference claim); Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).

Moreover, Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.  *See* Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983)   "Because vicarious liability is inapplicable to [ ] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Iqbal, 556 U.S. at 676. Under Iqbal, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.*, 556 U.S. at 677.  "[S]upervisors are liable under [section] 1983 'either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation.'" Myers v. Bowman, 713 F.3d 1319, 1328 (11th Cir. 2013) (quoting Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010)).  Facts sufficient to establish a causal connection include those "which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."  Keating, 598 F.3d at 762 (internal quotation omitted).  The factual allegations of the complaint must plausibly show that the supervisory official acted with the same mental state required to establish a constitutional violation against his subordinate; therefore, the court must first identify the precise constitutional violation charged and explain what the violation requires.  *See* Franklin v. Curry, 738 F.3d 1246, 1250 (11th Cir. 2013).  For example, in the Eighth Amendment context, a violation requires deliberate indifference; therefore, the plaintiff's factual allegations must show that the supervisory defendants actually knew that the subordinate posed a risk of serious harm.  *See id.*

The court previously advised Plaintiff of these legal standards, advised him that his allegations against the FDOC, Corizon, Health Services Administrator Prescott, and Assistant Warden Courtney failed to state a plausible claim for relief, and provided Plaintiff an opportunity to amend his complaint with allegations that satisfied the plausibility standard (*see* doc. 9). However, the allegations of his Third Amended Complaint still fail to plausibly suggest deliberate

indifference by Corizon, the FDOC, Assistant Warden Courtney, or Health Services Administrator Prescott. Plaintiff alleges each of these Defendants "knew of a risk of serious harm; (2) disregarded that risk; and (3) and [sic] in doing so, acted with more than gross negligence" (doc. 18 at 8). However, this is a mere formulaic recitation of the elements of a deliberate indifference claim, which is conclusory and thus not entitled to be assumed true.

Specifically with regard to Assistant Warden Courtney, Plaintiff also alleges she denied a grievance and "refused to provide any relief" after he received surgery and returned to SRCI from the medical center (doc. 18 at 7, 8). However, none of Plaintiff's factual allegations suggest that Defendant Courtney knew about Plaintiff's need for medical treatment prior to his being seen by Dr. Schwartz; and once Dr. Schwartz evaluated Plaintiff's condition, Assistant Warden Courtney's deferring to Dr. Schwartz's decisions regarding Plaintiff's medical treatment was objectively reasonable.

Plaintiff's only factual allegation regarding Health Services Administrator Prescott is that she "refuses to provide further care or relief" (doc. 18 at 8). However, this vague, conclusory allegation is insufficient to state a plausible claim of deliberate indifference as to Prescott.

With regard to the FDOC and Corizon, Plaintiff does not allege that the delay in medical treatment was due to a custom or policy of either entity. Therefore, Plaintiff's claims against Corizon Health, Inc., the FDOC, Assistant Warden Courtney, and Health Services Administrator Prescott should be dismissed.

III.   CONCLUSION

Plaintiff's factual allegations fail to state a plausible Eighth Amendment claim against Corizon Health, Inc., the FDOC, Assistant Warden Courtney, or Health Services Administrator Prescott. Therefore, his claims against those Defendants should be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). At this stage of the litigation, Plaintiff's allegations underlying his Eighth Amendment claims of deliberate indifference are sufficient to proceed with service of process on Captain Schwartz and Dr. S.A. Schwartz. Therefore, upon the district court's ruling on this Report and Recommendation, the matter should be referred to the undersigned for further proceedings on Plaintiff's Eighth Amendment claims against those Defendants.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Plaintiff's claims against Defendants Corizon Health, Inc., the FDOC, Assistant Warden Courtney, and Health Services Administrator Prescott be **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.      That the clerk be directed to modify the docket to reflect that Captain Schwartz and Dr. S.A. Schwartz are the only Defendants in this action.

3.      That this matter be referred to the undersigned for further proceedings on Plaintiff's Eighth Amendment claims against Defendants Captain Schwartz and Dr. S.A. Schwartz.

At Pensacola, Florida this 8th day of May 2015.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**